**Robert Clifton JOHNSON, Jr.,**
**Appellant,**

v.

**Dr. Stuart SILVERS, Appellee.**

**No. 83–6434.**

United States Court of Appeals,
Fourth Circuit.

Argued June 6, 1984.

Decided Aug. 28, 1984.

Alan Anderson, Minneapolis, Minn. (Faegre & Benson, Minneapolis, Minn., on brief), for appellant.

Varda N. Fink, Asst. Atty. Gen., Baltimore, Md. (Stephen H. Sachs, Atty. Gen. of Maryland, Judith K. Sykes, Asst. Atty. Gen., Dept. of Health and Mental Hygiene, Baltimore, Md., C. Frederick Ryland, Sp. Atty., Washington, D.C., Clifton T. Perkins Hospital, on brief), for appellee.

Before WINTER, Chief Judge, WIDENER and PHILLIPS, Circuit Judges.

JAMES DICKSON PHILLIPS, Circuit Judge:

Robert Clifton Johnson, Jr., an involuntarily-committed patient in a mental institution, appeals the district court's dismissal of his pro se suit filed pursuant to 42 U.S.C. § 1983. Johnson sued Dr. Stuart Silvers, apparently a physician at Clifton T. Perkins Hospital Center, Jessup, Maryland, alleging that he had been forced to take antipsychotic medication. For the reasons set forth below, we vacate the decision of the district court.

In his complaint, Johnson claimed that he had been made to take medication for his schizophrenic condition and because of the medication had suffered nightmares, an upset stomach, sore joints, a swollen tongue, and a hindrance of his thought process. The district court, relying on its powers under 28 U.S.C. § 1915(d), held Johnson's claim to be frivolous.[1]

This court in *Boyce v. Alizaduh*, 595 F.2d 948, 952 (4th Cir.1979) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)), held that a district court may not dismiss a claim under § 1915(d) unless it finds that the plaintiff would not be entitled to relief " 'beyond doubt' and under any 'arguable' construction, 'both in law and in fact.' " The district court construed Johnson's complaint as one seeking to state a claim under *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Finding that Johnson had alleged nothing more than a disagreement between himself and the defendant over the type of medication being prescribed for his condition, the court held that the complaint did not invoke the eighth amendment right recognized in *Gamble*.

Under *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the district court's reading of the allegations contained in the complaint was too narrow. Properly read, the allegations state more than a mere disagreement with the type of medication prescribed. The allegations assert that Johnson is being forced, against

---

1. The district court also questioned Johnson's claim because Johnson had improperly named Dr. Silvers as the defendant. Johnson's claim should not be dismissed on this ground. The district court must allow a pro se litigant a reasonable opportunity to amend his pleadings to name the proper defendant, and if necessary advise him how to determine that person. *Gordon v. Leeke*, 574 F.2d 1147, 1152–53 (4th Cir.), *cert. denied*, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978).

his will, to take medication.[2] Under *Youngberg v. Romeo,* 457 U.S. 307, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982), the complaint, so read, states a claim cognizable under § 1983, and therefore, dismissal was improper.

 In *Youngberg,* the Supreme Court recognized that involuntarily-committed mental patients in state institutions retain a constitutionally protectible liberty interest in freedom from bodily restraint. We are satisfied that the forcible administration of antipsychotic drugs presents a sufficiently analogous intrusion upon bodily security to give rise to such a protectible liberty interest. *See Project Release v. Prevost,* 722 F.2d 960 (2d Cir.1983); *Rennie v. Klein,* 653 F.2d 836 (3d Cir.1981) (en banc), *cert. granted and judgment vacated in light of Youngberg v. Romeo,* 458 U.S. 1119, 102 S.Ct. 3506, 73 L.Ed.2d 1381 (1982). The right recognized, however, is not absolute. The Court stated in *Youngberg* that " 'the Constitution only requires that the courts make certain that professional judgment in fact was exercised. It is not appropriate for the courts to specify which of several professionally acceptable choices should have been made.' " *Youngberg,* 457 U.S. at 321, 102 S.Ct. at 2461 (quoting *Romeo v. Youngberg,* 644 F.2d 147 (3d Cir.1980) (en banc) (Seitz, C.J., concurring)). Johnson, in order to prevail, must show that the properly identified defendant has required him to take anti-psychotic drugs without exercising professional judgment.

Accordingly, the judgment of the district court is vacated and the action remanded for further proceedings consistent with this opinion. If it is determined in those proceedings that a properly identified defendant, acting under color of state law, has effectively caused Johnson to take antipsychotic drugs against Johnson's will, this will establish a deprivation of liberty within the contemplation of 42 U.S.C. § 1983. The remaining issue, whether that deprivation was without due process of law, is to be decided under the "professional judgment in fact exercised" test of *Youngberg.*

VACATED AND REMANDED FOR FURTHER PROCEEDINGS.

---

2. If the court is uncertain whether a pro se plaintiff has stated a valid claim for relief, dismissal is not appropriate. *Covington v. Cole,* 528 F.2d 1365 (5th Cir.1976). Instead, the court should either allow the plaintiff to particularize his complaint, *Coleman v. Peyton,* 340 F.2d 603, 604 (4th Cir.1965), *cert. denied,* 385 U.S. 905, 87 S.Ct. 216, 17 L.Ed.2d 135 (1966), or require an answer, *Raines v. United States,* 423 F.2d 526, 529 (4th Cir.1970).