Victoria VALENTINE

v.

Robert STRANGE, M.D., Superintendent, N.VA.Mental Health Inst., Paul Mardelli, M.D., N.VA.M.H.I., Barbara Foglia, N.VA.M.H.I., Nora Collins, N.VA.M.H.I., Vernon Pettus, N.VA.M.H.I., Regina Sharber, N.VA.M.H.I., Barbara Ashton, N.VA.M.H.I., Robert Murphy, N.VA.M.H.I.

Civ. A. No. 84–1037–A.

United States District Court, E.D. Virginia, Alexandria Division.

Nov. 30, 1984.

Victor M. Glasberg, Alexandria, Va., for plaintiff.

Gerald R. Walsh, Jacquelyn K. Boyden, Miles & Stockbridge, Fairfax, Va., for Strange, Mardelli, Foglia and Collins.

Jane D. Hickey, Asst. Atty. Gen., Richmond, Va., for Pettus, Ashton and Murphy.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, District Judge.

This matter comes before the Court on defendants' motion under Rule 12(b)(6) to dismiss Count 1 of the plaintiff's complaint for failure to state a cause of action. In considering the defendants' motion, the Court must accept the plaintiff's allegations set out in the complaint as true. *Hospital Building Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976).

FACTS: This is a civil action for damages brought against state officials pursuant to 42 U.S.C. § 1983. On August 14, 1981, plaintiff Victoria Valentine was admitted to a private psychiatric hospital in Virginia. At the time of her entrance to that facility, Valentine was suffering from disturbed thought patterns, and she was diagnosed as having a "schizopheniform" disorder. While hospitalized, plaintiff attempted to burn her face with a lit cigarette on three occasions. After the first occasion, plaintiff's cigarettes and lighter were taken from her, and she was permitted to smoke cigarettes only in the presence of an attendant; she was also provided medications and closely observed.

On September 12, 1981, a commitment hearing was held pursuant to Virginia law, and the judge ordered plaintiff's involuntary commitment to Northern Virginia Mental Health Institute (NVMHI), finding that plaintiff presented an imminent danger to herself as a result of her illness. Plaintiff was committed to NVMHI immediately after the hearing on September 12, and NVMHI received a copy of her commitment papers and a copy of her psychiatric report clearly outlining the recent burning incidents upon her arrival.

Although the health care providers at NVMHI were aware of the danger which Valentine posed to herself, Valentine was still allowed to possess her cigarettes and lighter. Two days later, on September 14, plaintiff, in the presence of hospital personnel, attempted to burn herself by setting fire to her blouse with her own lighter. While her attempt was unsuccessful, the incident was recorded in Valentine's medical records. Despite this attempt, however, the defendant health care providers took no steps to prevent the recurrence of such an incident, and plaintiff was even permitted to keep her cigarettes and lighter.

Later on the evening of the 14th, the hospital staff began to notice that plaintiff was behaving irrationally. Valentine voiced concern for her own safety and asked the staff to "watch her room." Despite her pleas and behavior, however, defendants failed to take any precautions. At approximately 6:00 a.m. the next morning, plaintiff entered an unauthorized area and set fire to her clothing with her own lighter. The fire was put out by hospital staff, but plaintiff suffered third-degree burns over 35% of her body. Plaintiff subsequently filed this action against various hospital personnel, alleging a violation of her constitutional rights in Count 1 and medical malpractice in Count 2. Defendants have moved to dismiss Count 1 for failure to state a cause of action under 42 U.S.C. § 1983.

DISCUSSION: In support of her § 1983 claim, plaintiff relies totally on the Supreme Court's decision in *Youngberg v. Romeo*, 457 U.S. 307, 102 S.Ct. 2452, 73

L.Ed.2d 28 (1982). In that case, the Supreme Court considered the § 1983 claim of an involuntarily committed mental patient at a Pennsylvania state institution. In the course of his confinement, the plaintiff in *Youngberg* suffered a variety of injuries at his own hand and at the hands of others. Noting that the right to personal security constitutes an "historic liberty interest," the Court, drawing an analogy to the Eighth Amendment right of prisoners to safe conditions, stated that "it must be unconstitutional to confine the involuntarily committed ... in unsafe conditions." 457 U.S. at 315–316, 102 S.Ct. at 2457–2458.

While recognizing Romeo's Fourteenth Amendment due process interest in safety, the Court stated that such an interest was not absolute. In order to determine whether a constitutionally protected liberty interest in safety has been infringed, the Supreme Court explained, a court must look to the extent or nature of the alleged lack of absolute safety and decide whether such a lack of safety violates due process. In making such a determination, a court must balance the alleged liberty interest against the relevant state interest. The *Youngberg* court cautioned that judicial interference with the judgment of a qualified professional and the internal operation of a state mental health facility should be minimized, and that therefore § 1983 liability should be imposed only when the health care professional's decision was "such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." 457 U.S. at 323, 102 S.Ct. at 2462.

In the instant case, plaintiff Valentine alleges that the defendants were fully aware upon her arrival that she had recently attempted to burn herself on at least 3 separate occasions in another mental institution. Moreover, defendants had also received a copy of a judicial determination stating that the plaintiff was a danger to herself due to her mental condition. Professional judgment, not to mention common sense, probably dictated at that point that the plaintiff not be allowed to keep cigarettes and a lighter without the closest of supervision. This conclusion is reinforced by the fact that doctors at the institute where plaintiff resided immediately prior to her move to NVMHI had taken away plaintiff's lighter and cigarettes after the *first* burning attempt.

■ The failure of the NVMHI staff to confiscate Valentine's cigarettes and lighter upon her arrival may have only constituted simple negligence. However, just two days after her arrival, plaintiff attempted to set her clothes on fire with her own lighter in front of hospital personnel, and immediately thereafter acted irrationally and repeatedly voiced concern for her safety; the staff ignored her pleas and continued to allow plaintiff to possess the cigarettes and lighter without any supervision. In light of these additional events, all prior to the final tragic burning, this Court can only conclude that the defendants here simply failed to exercise any professional judgment. The failure of state health care professionals to take even minimal precautions in the face of imminent danger to the life of an involuntarily committed patient constitutes a violation of liberty interests protected by the Due Process Clause of the Fourteenth Amendment.

■ The gross nature of the alleged omissions here is even worse in view of how easily the whole incident could have been avoided. By confiscating the cigarettes, the state would have furthered a number of legitimate interests at literally no cost to taxpayers.

In holding that the plaintiff has alleged a cause of action under § 1983, this Court is mindful that the judiciary should not ordinarily substitute its judgment for that of qualified health professionals, nor should it place unreasonable burdens upon a state mental health institution in light of the financial constraints under which such institutions operate. Moreover, this Court does not hold that allegations of constitutional violations based only upon mere malpractice, or improper professional judg-

ment, will state a § 1983 cause of action. However, a state health care professional must exercise some professional judgment, and the failure of such a professional to take even minimal steps to provide for the safety of an involuntarily committed patient does implicate constitutional concerns. *See, e.g., Johnson v. Silvers*, 742 F.2d 823, at 825 (4th Cir.1984); *see also Herer v. Burns*, 577 F.Supp. 762 (W.D.Va.1984).

Accordingly, defendants' motion to dismiss Count 1 of the plaintiff's complaint is DENIED, and an Order to that effect will issue.