813 F.2d 401
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Clifton JOHNSON, Plaintiff-Appellant,
v.
Stuart SILVERS, Dr. Blumberg, Leo Brown, Defendants-Appellees.
 No. 86-6718.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 23, 1986.
Decided Dec. 17, 1986.
 
 Before RUSSELL, WIDENER and PHILLIPS, Circuit Judges.
 Robert Clifton Johnson, appellant pro se.
 Susan Sugar Nathan, Office of the Attorney General, Craig Benton Merkle, Semmes, Bowen & Semmes, for appellees.
 PER CURIAM:
 
 
 1
 Robert Johnson, an involuntarily committed patient at Clifton T. Perkins Hospital in Maryland, appeals the dismissal of his 42 U.S.C. Sec. 1983 complaint alleging that doctors and assistants at Perkins forcibly medicated him on several occasions, such medication causing several unpleasant side effects.
 
 
 2
 The district court initially dismissed Johnson's complaint as frivolous pursuant to 28 U.S.C. Sec. 1915(d). This Court remanded the case, however, finding that Johnson had stated a cognizable constitutional claim. Johnson v. Silvers, 742 F.2d 823 (1984). On remand, the district court dismissed Johnson's complaint on Eleventh Amendment grounds, finding that Johnson had sued the defendants in their official capacities. The court noted additionally that Johnson failed to allege any facts indicating lack of good faith, and that the defendants, even if sued in their individual capacities, would be entitled to good faith qualified immunity.
 
 
 3
 The defendants, and not Clifton T. Perkins Hospital, are named in the complaint. The language in the complaint does not specify either "official" or "individual" capacity. "Personal capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law." Kentucky v. Graham, --- U.S. ----, 53 U.S.L.W. 4966, 4967 (June 28, 1985). Official capacity suits seek to impose liability on the governmental entity. Id. See also Brandon v. Holt, --- U.S. ----, 53 U.S.L.W. 4122 (Jan. 21, 1985). The question properly asked is whether the state is a real party in interest. Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 464 (1945). If the state will or must pay, then Eleventh Amendment immunity attaches. Papasan v. United States, 756 F.2d 1087 (5th Cir.1985), aff'd in part, remanded in part, --- U.S. ----, 54 U.S.L.W. 4939 (July 1, 1986).
 
 
 4
 Johnson seeks compensatory relief for harm done to him by doctors employed by the state at the time of injury. He alleges specific instances of individual, constitutionally impermissible conduct by the named defendants. The better view, we conclude, is that Johnson sued the named defendants in their individual capacities as individuals acting under color of state law.* This is all that is required in a personal capacity case. See Graham, supra at 4967-68.
 
 
 5
 Consequently, we vacate the decision below and remand the case for further proceedings. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 6
 VACATED AND REMANDED.
 
 
 
 *
 Any potential good faith immunity defense must be pled and proven by the defendants. Gomez v. Toledo, 446 U.S. 635 (1980); Arebaugh v. Dalton, 730 F.2d 970 (4th Cir.1984)