865 F.2d 1260
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee
v.
Gordon FRANKLIN, Jr., Defendant-Appellant
 No. 88-7528.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 27, 1988.
Decided: Dec. 9, 1988.
 
 William E. Martin, Federal Public Defender; Edwin C. Walker, Assistant Federal Public Defender, for appellant.
 Margaret Person Currin, United States Attorney; Paul M. Newby, Assistant United States Attorney, for appellee.
 Before DONALD RUSSELL, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Gordon Franklin, Jr., an inmate currently incarcerated in North Carolina, appeals from an order of the district court granting the government's motion to dismiss an action initiated by Franklin seeking review of his commitment under 18 U.S.C. Sec. 4245 to a psychiatric care facility. We have reviewed the record and the briefs submitted by the parties and perceive no basis for reversal; we therefore affirm the district court's order.
 
 
 2
 Franklin was convicted in a Georgia federal district court in 1978 for bank robbery and in 1979 for making a false statement while under oath. He was sentenced to ten years in prison for the robbery and to five years for the false statement, with the sentences to run consecutively. In 1987, Franklin was committed to a mental health care facility pursuant to a motion filed by the government under 18 U.S.C. Sec. 4245.
 
 
 3
 On October 16, 1987, Franklin filed the instant action against the United States, ostensibly pursuant to 28 U.S.C. Sec. 2255, seeking, insofar as can be determined from his pro se motion, a review of the necessity of his commitment and treatment and $50,000.00 in damages for alleged neglect by those responsible for his treatment. The district court granted the government's motion to dismiss, reasoning that nothing had been presented to indicate any change in Franklin's condition since entry of the court's commitment order.
 
 
 4
 On appeal, counsel appointed to represent Franklin has raised two issues.[1] First, appellant argues that the district court erred in failing to appoint a psychiatrist to investigate Franklin's allegations. No motion for the appointment of a psychiatrist was made in the district court. Nor, on the record before this Court, did the district court have a duty to order psychiatric assistance sua sponte. Therefore, we find no abuse of discretion in the court's failure to appoint a psychiatrist to aid Franklin in the preparation of his case.
 
 
 5
 Appellant's second contention is that the district court erred in dismissing the action without requiring the government to respond as to whether Franklin had been forcibly medicated in violation of United States v. Charters, 829 F.2d 479 (4th Cir.1987), reh'g granted (en banc) (1988). This contention lacks merit. Charters has no application to the forcible medication of convicted prisoners. Charters, 829 F.2d at 499 n. 30. Franklin did not allege or demonstrate that a "properly identified defendant ... required him to take anti-psychotic drugs without exercising professional judgment." See Johnson v. Silvers, 742 F.2d 823, 825 (4th Cir.1984) (citing Youngberg v. Romeo, 457 U.S. 307, 321 (1982)); see also United States v. Bryant, 670 F.Supp. 840, 844 (D.Minn.1987). Nor did Franklin allege any actual injury resulting from forced treatment. Therefore, Franklin's claim relative to forced medication was properly subject to a motion to dismiss.
 
 
 6
 We affirm the order of the district court.[2] We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 As a preliminary matter, we note our agreement with the district court that to the extent Franklin seeks relief from his criminal sentence, such relief is properly pursued in the Georgia federal district court which sentenced him. 28 U.S.C. Sec. 2255, Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 497 (1973)
 
 
 [2]
 We note that, as the government's motion to dismiss in the district court was accompanied by supporting materials, the court may have erred by failing to notify Franklin of his right to file responsive pleadings. See Fed.R.Civ.P. 12(b); Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975). However, as the omission was not raised on appeal and as it did not constitute plain error affecting the substantial rights of the parties, we decline to address the issue on appeal. See Fed.R.App.P. 28(a)(2) & (4); United States v. White, 454 F.2d 435, 439 (7th Cir.1971), cert. denied, 406 U.S. 962 (1972); United States v. Williams, 378 F.2d 665, 666 (4th Cir.1967); Moore v. Midgette, 375 F.2d 608, 611 n. 3 (4th Cir.1967)