924 F.2d 1052
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert Clifton JOHNSON, Plaintiff-Appellant,
v.
Petro COTO, Leon Fields, Marry Myers, Defendants-Appellees.
 No. 88-7618.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 18, 1991.
Decided Feb. 4, 1991.
Rehearing Denied Feb. 27, 1991.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Edward S. Northrop, Senior District Judge. (CA-88-1012-N)
 Robert Clifton Johnson, appellant pro se.
 D.Md.
 VACATED AND REMANDED.
 Before DONALD RUSSELL, WIDENER and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Clifton Johnson, an involuntarily committed patient in a mental institution, filed this 42 U.S.C. Sec. 1983 action alleging that the defendants administered antipsychotic medication against his will. After concluding that Johnson's allegations failed to state a claim of deliberate indifference under the standard of Estelle v. Gamble, 429 U.S. 97 (1976), the district court dismissed the action as frivolous pursuant to 28 U.S.C. Sec. 1915(d) and Johnson appeals. Although we agree with the district court's Estelle analysis, we nevertheless must vacate the decision below, as the district court failed to consider the due process implications of Johnson's claim.
 
 
 2
 In a prior action brought by Johnson alleging similar facts, we recognized a constitutionally protected liberty interest in freedom from the forced administration of antipsychotic medication and held that the forcible medication of an involuntarily committed mental patient violates due process unless it is the product of the exercise of professional judgment. Johnson v. Silvers, 742 F.2d 823 (4th Cir.1984). See also United States v. Charters, 863 F.2d 302 (4th Cir.1988) (en banc), cert. denied, 58 U.S.L.W. 3565 (U.S. Mar. 4, 1990) (No. 88-6525). The Supreme Court also recently recognized that an inmate housed in a prison mental health unit "possesses a significant liberty interest in avoiding unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." Washington v. Harper, 58 U.S.L.W. 4249, 4252 (U.S. Feb. 27, 1990) (No. 88-599). It further found that the procedural protection surrounding a decision to medicate provided by the department of corrections in that case, including review of the decision by a three-person committee of medical professionals not involved in the inmate's diagnosis or treatment, with notice to the inmate and an opportunity to appear at an adversary hearing and present and cross-examine witnesses, satisfied due process requirements.
 
 
 3
 An indigent plaintiff's complaint can be dismissed as frivolous pursuant to 28 U.S.C. Sec. 1915(d) if the district court concludes that the claim asserted lacks any arguable basis in law and fact, Neitzke v. Williams, 490 U.S. 319 (1989). Reviewed in this light, Johnson's claim passes muster. Johnson alleges that the decision to medicate him was made without the exercise of "professional discretion" and was not based on a finding that an emergency existed. He also states that he was not given an opportunity to appear at a hearing concerning the decision to medicate him. Without any response to these allegations by the defendants describing the procedure followed in reaching the decision to medicate Johnson against his will, one cannot conclude with certainty that Johnson's due process rights were not violated. Thus, we conclude that the district court abused its discretion in dismissing Johnson's claim at this stage of the proceedings.
 
 
 4
 Finally, we recognize that even though a plaintiff's factual allegations may not be so fanciful or lacking as to establish that the complaint is without merit, dismissal pursuant to Sec. 1915(d) may still be sustained if, taking into account affirmative defenses, it is clear that the plaintiff would not be entitled to relief. Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir.1983). While the procedural protection required as a result of Washington v. Harper may not have been clearly established at the time of the incident in question, Johnson's right to be free from the forcible administration of antipsychotic medication unless the decision to medicate him was the product of the exercise of professional judgment was clearly established. Since it cannot be established from this record that the decision to medicate Johnson resulted from the exercise of professional judgment, it is not clear that the affirmative defense of qualified immunity will bar recovery by Johnson.
 
 
 5
 For the foregoing reasons, we vacate the decision of the district court and remand this case for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 VACATED AND REMANDED.