**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 03-7656**

BRIAN DAMON FARABEE,

Plaintiff - Appellant,

versus

DOCTOR FEIX; DOCTOR MITCHELL, Psychiatrist,
Central State Forensic Unit,

Defendants - Appellees,

and

DINWIDDIE COUNTY CIRCUIT COURTS; COMMONWEALTH
OF VIRGINIA,

Defendants.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk. Henry Coke Morgan, Jr., District
Judge. (CA-02-654)

Argued: October 26, 2004          Decided: January 6, 2005

Before WIDENER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brad Richard Newberg, ARNOLD & PORTER, L.L.P., Washington, D.C.,
for Appellant. John David McChesney, RAWLS & MCNELIS, P.C.,
Richmond, Virginia, for Appellee Doctor Feix.

--------------

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Brian Damon Farabee appeals the district court's dismissal of his 42 U.S.C. § 1983 claim against Dr. Jeffrey Feix for failure to state a claim under Rule 12(b)(6). The district court held that Farabee's claim relating to forcible medication was barred by the Supreme Court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994). For the reasons that follow, we affirm the district court's ruling.

I.

Farabee has suffered from psychiatric problems since childhood and entered his first psychiatric institute at the age of ten. Over the last fifteen years, Farabee received treatment in more than twenty mental institutions. When Farabee was charged with arson in 1998, a Virginia state court found him not guilty by reason of insanity (NGRI) and ordered him committed to a state hospital.

This appeal arises from more recent state criminal charges against Farabee for malicious wounding of hospital staff. Farabee pled guilty to these charges and was sentenced accordingly. Farabee subsequently brought this § 1983 suit pro se against Dr. Feix and other defendants, seeking damages for his allegedly unlawful incarceration. In his initial complaint, Farabee alleged that having previously been adjudicated NGRI, his incarceration in a prison facility was improper. Farabee later filed a motion for

3

default judgment, in which he alleged that his guilty plea was invalid in part because he was "being involuntarily/forcibly administered (by syringe), anti-psychotic/psychotropic drugs . . . by [a psychiatrist at Central State Hospital and] was vulnerable to the drugs impairing [his] ability to follow the proceedings against [him], to testify and be cross-examined, and to communicate effectively with counsel." J.A. 18. In response to a motion by Dr. Feix to dismiss the complaint, Farabee alleged that Dr. Feix had "personally authorized hospital employees . . . to forcibly administer high doses of anti-psychotic drugs . . . that crippled his ability to assist in his [de]fense, causing him to enter into an unknowing, unintelligent, and incompetent guilty plea." J.A. 25.

The district court dismissed Farabee's complaint without prejudice. According to the district court, Farabee claimed that "defendants were responsible for his alleged unjust confinement in a Virginia Department of Corrections prison, because defendants forcibly medicated him with anti-psychotic drugs and failed to notify [the Dinwiddie County Circuit Court], which resulted in plaintiff entering into a guilty plea that was neither knowingly nor intelligently established." While recognizing that forcible medication could give rise to a valid, independent § 1983 claim under some circumstances, the district court ruled that Farabee's allegations of forcible medication related only to his argument

4

that his conviction was improper. Thus, the essence of Farabee's claim challenged the fact of his conviction, and under Heck v. Humphrey, the complaint did not state a cognizable § 1983 claim. Having dismissed the complaint, the district court advised Farabee to file the appropriate habeas forms. This appeal followed.

## II.

The district court concluded that Farabee's forcible medication claim necessarily implied the invalidity of his conviction and therefore was not cognizable under § 1983. "When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487; see also Nelson v. Campbell, ___ U.S. ___, 124 S.Ct. 2117, 2122 (2004) (stating that a prisoner's claim challenging the fact of his conviction or the duration of his sentence implicates "the core of habeas corpus and [is] not cognizable when brought pursuant to § 1983"). As we stated in Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003), "[t]he logical necessity that the judgment in the § 1983 case imply the invalidity of a criminal conviction is at the heart of the Heck requirement for dismissal of the § 1983 action." Id. at 846.

5

Although Farabee styled his complaint under § 1983, "[w]e have squarely held that a state prisoner's label for his claim cannot be controlling, even when the prisoner does not request immediate release." Harvey v. Horan, 278 F.3d 370, 378 (4th Cir. 2002). Rather, we must determine whether Farabee's specific allegations imply the invalidity of his conviction or sentence. At the outset, we note that Farabee's complaint makes no mention of forcible medication. Giving Farabee the benefit of allegations made in filings other than his complaint, we agree with the district court that Farabee's "essential grievance" is that Dr. Feix forcibly administered anti-psychotic drugs that impaired Farabee's capacity to assist in his own defense and to enter a knowing and intelligent plea. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

Every reference to forcible medication alleges that the result of Dr. Feix's conduct was Farabee's entering an invalid guilty plea. In his motion for default judgment, Farabee alleges that he "was being involuntarily/forcibly administered (by syringe), anti-psychotic/psychotropic drugs" that impaired his "ability to follow the proceeding's [sic] against me, to testify and be cross-examined, and to communicate effectively with counsel." J.A. 18. In addition, Farabee stated that the drugs administered to him by Dr. Feix "produced a sufficient effect to render him incomp[e]tent to enter into a guilty plea." J.A. 18. Farabee further alleged

6

that he "at no time entered into a guilty plea . . . knowingly, intelligently, and voluntarily, rendering the guilty pleas and convictions . . . obtained by the commonwealth invalid, and in no way meeting constitutional standards." J.A. 18.

Again in his response to Dr. Feix's motion to dismiss, Farabee alleged that Dr. Feix's forcible medication rendered him unable to enter a valid guilty plea: "Dr. Jeffrey [Feix] personally authorized hospital employee's [sic] to administer high doses of anti-psychotic drugs and other drugs including a narcotic tranquilizer on the plaintiff, that crippled his ability to assist in his [de]fense, causing him to enter into an unknowing, unintelligent, and incompetent guilty plea. . . ." J.A. 25. Farabee repeated this allegation, stating that "Dr. [Feix] intentionally and maliciously diminished the plaintiff's mental capacity causing him to incriminate himself, while he was incompetent to plead guilty." J.A. 25. Nowhere in his filings does Farabee allege that Dr. Feix's forcible medication caused him any injury other than limiting his capacity to enter a knowing and intelligent plea.[1]

We agree with the district court that Farabee discusses forcible medication only in support of his argument that his guilty

---

[1]Although Farabee's initial complaint seeks $100,000 in damages, that complaint makes no mention of forcible medication at all. Thus, the only reasonable inference is that these damages relate to allegations of misconduct other than forcible medication.

7

plea was invalid and his resulting conviction improper. Indeed, it is clear from Farabee's specific allegations that his "essential grievance" relates to the result of the forcible medication -- his entering an invalid guilty plea -- rather than the forcible medication itself. Beaudett, 775 F.2d at 1278.[2] Success on Farabee's claim requires a finding that the drugs administered by Dr. Feix caused Farabee to enter an unknowing and involuntary guilty plea. Such a finding necessarily implies the invalidity of Farabee's conviction, and the district court properly ruled that Farabee's claim is not cognizable under § 1983.[3]

---

[2] The liberal construction rule cannot be employed to read out of Farabee's allegations the essential link between the forcible medication and the subsequent guilty plea. Nor can this rule be used to supply an allegation of injury different from the injury specifically alleged by Farabee. As we have noted, "[d]istrict judges are not mind readers. Even in the case of pro se litigants, they cannot be expected to construct full blown claims from sentence fragments. . . ." Beaudett, 775 F.2d at 1278 (construing a § 1983 claim). Although Gordon v. Leeke, 574 F.2d 1147 (4th Cir. 1978), requires that district courts not permit "technical pleading requirements" to defeat the vindication of constitutional rights that the plaintiff alleges were violated, id. at 1151, "it does not require those courts to conjure up questions never squarely presented to them," Beaudett, 775 F.2d at 1278. We could not supply new allegations of injury in this case without abandoning our proper role in favor of "the improper role of an advocate seeking out the strongest arguments and most successful strategies" for Farabee. Id.

[3] Even if Farabee's claim was cognizable under § 1983, he failed to allege all the elements of a forcible medication claim. A plaintiff may recover on a forcible medication claim if he proves that "a properly identified defendant, acting under color of state law, has effectively caused [him] to take anti-psychotic drugs against [his] will," and that the defendant did not exercise "professional judgment" in administering the drugs. Johnson v. Silvers, 742 F.2d 823, 825 (4th Cir. 1984). Farabee nowhere

8

III.

Because Farabee's allegations of forcible medication related solely to his claim that his guilty plea was invalid, those allegations necessarily imply the invalidity of Farabee's conviction. The district court properly ruled that Farabee's § 1983 complaint was barred by the rule stated in <u>Heck</u>. Accordingly, we affirm the district court's dismissal of the complaint.

<u>AFFIRMED</u>

---

alleges that Dr. Feix failed to exercise professional judgment in his dealings with Farabee. That omission is fatal to any § 1983 claim that Farabee might have stated.