PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

STANLEY M. BALLENGER,
           *Plaintiff-Appellant,*

v.

JOHN DALE OWENS, Lance Corporal
and South Carolina State Trooper;
STATE OF SOUTH CAROLINA,
           *Defendants-Appellees.*

No. 02-7394

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
David C. Norton, District Judge.
(CA-02-2002-6-18AK)

Argued: October 31, 2003

Decided: December 17, 2003

Before NIEMEYER, WILLIAMS, and DUNCAN, Circuit Judges.

Affirmed by published opinion. Judge Niemeyer wrote the opinion, in which Judge Williams and Judge Duncan joined.

## COUNSEL

**ARGUED:** D. Thomas Wilson, Student Counsel, Community Legal Practice Center, WASHINGTON AND LEE UNIVERSITY SCHOOL OF LAW, Lexington, Virginia, for Appellant. Andrew Frederick Lindemann, DAVIDSON, MORRISON & LINDEMANN, P.A., Columbia, South Carolina, for Appellees. **ON BRIEF:** C. Eliza-

beth Belmont, Community Legal Practice Center, WASHINGTON AND LEE UNIVERSITY SCHOOL OF LAW, Lexington, Virginia, for Appellant. Frank L. Valenta, Jr., SOUTH CAROLINA DEPART-MENT OF PUBLIC SAFETY, Blythewood, South Carolina, for Appellees.

## OPINION

NIEMEYER, Circuit Judge:

Stanley Ballenger commenced this action against the State of South Carolina and South Carolina State Trooper John Owens under 42 U.S.C. § 1983, alleging an unreasonable search and seizure and demanding $1.5 million in damages. In particular, Ballenger alleged that Trooper Owens illegally and unconstitutionally stopped him, searched his automobile, and seized the automobile and property found in the automobile, including cocaine, marijuana, and a 9mm handgun. The cocaine seized led to Ballenger's conviction in State court for drug trafficking and a 12-year sentence of imprisonment.

The district court dismissed this case without prejudice and without issuing process, under 28 U.S.C. § 1915A, concluding that Ballenger's action against South Carolina and Owens in his official capacity was barred by the Eleventh Amendment and that his action against Owens in his individual capacity was barred by the holding of *Heck v. Humphrey*, 512 U.S. 477 (1994), because his criminal conviction for drug trafficking has not been set aside and a judgment in this action would necessarily imply the invalidity of that conviction.

For the reasons that follow, we affirm.

I

While Stanley Ballenger was driving a 1989 Lincoln sedan in Oconee County, South Carolina, State Trooper John Owens stopped him for following too closely behind another automobile. During the stop, Trooper Owens detected the odor of marijuana from Ballenger's automobile and then proceeded to search it, ultimately uncovering a

loaded 9mm handgun, four plastic bags containing a "white compressed powder substance" and "green plant material," and a cigar stuffed with "green plant material." Trooper Owens placed Ballenger under arrest and seized his car as well as the contents under South Carolina Code § 16-23-405 (authorizing the confiscation of illegal weapons), § 44-53-520(a) (describing property subject to forfeiture), and § 44-53-520(b) (authorizing seizure, without process, of property subject to forfeiture). Following trial in the Court of General Sessions for Oconee County, Ballenger was found guilty of cocaine trafficking and sentenced to 12 years' imprisonment, commencing in November 2001. Ballenger filed a motion for post-conviction relief in State court, which he states is still pending.

While serving his sentence, Ballenger, proceeding *pro se*, commenced this action under 42 U.S.C. § 1983, alleging that South Carolina and Trooper Owens, in his official and individual capacities, deprived Ballenger of his Fourth, Fifth, and Fourteenth Amendment rights by stopping him and seizing his property. In his complaint, Ballenger alleged that Trooper Owens stopped him "for following too closely pursuant to [South Carolina] Code of [L]aws 56-5-1930" "without having '*probable cause*.'" He alleged that the stop was unlawful because a following-too-closely violation "cannot be determined by any preset 'mathematical formula,' but requires as a factor a condition of an accident . . . which never occurred." Ballenger alleged that Trooper Owens "stated he smelled marijuana . . . [and] began to search." When Ballenger stated, "You have no reason [to search]," Trooper Owens "explained to him the probable cause was when he smelled the odor of marijuana." Ballenger alleged that "pursuant to the 'Doctrine of the Poisonous Tree,'" the search that was conducted pursuant to an illegal stop constituted an "illegal search." Ballenger finally alleged that as a result of Trooper Owens' "knowingly[,] with deliberate indifference[,] and under the color of [State] law[,] illegally searching and seizing the plaintiff's vehicle[,] *[i]nter alia*," Ballenger was damaged in an amount in excess of $1.5 million.

The district court, adopting the report and recommendation of the magistrate judge, dismissed Ballenger's complaint under 28 U.S.C. § 1915A without the issuance of process. The court concluded that South Carolina, including Trooper Owens in his official capacity, was immune from suit under the Eleventh Amendment and that the suit

against Trooper Owens in his individual capacity was barred by the holding of *Heck v. Humphrey*, 512 U.S. 477 (1994). After the magistrate judge quoted at some length from *Heck*, he concluded, "Until the plaintiff's conviction is set aside, any civil rights action based on the conviction and related matters will be barred because of the holding in *Heck v. Humphrey*."

This appeal followed.

## II

With respect to the claims against South Carolina and Trooper Owens in his official capacity, Ballenger does not advance any serious argument to challenge dismissal, and understandably so. Under the Eleventh Amendment, "a State cannot be sued directly in its own name regardless of the relief sought," absent consent or permissible congressional abrogation. *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *see also* U.S. Const. amend. XI; *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). And for purposes of the Eleventh Amendment, a state official acting in his official capacity is protected from a damages action by the same immunity. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-03 (1984); *Edelman v. Jordan*, 415 U.S. 651, 666-69 (1974); *cf. Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989) (state official not a "person" suable under 42 U.S.C. § 1983).

## III

Ballenger's principal argument focuses on the district court's application of *Heck v. Humphrey*, 512 U.S. 477 (1994). While the district court applied *Heck* to dismiss Ballenger's § 1983 claim, which alleged an illegal search and seizure, Ballenger contends that the District Court failed to conduct the analysis required by *Heck*: "Neither the Magistrate's Report and Recommendation nor the District Court's order consider whether Mr. Ballenger's claim, if successful, would invalidate Mr. Ballenger's conviction. Because the district court failed to make the required threshold determination, the dismissal of Mr. Ballenger's claim for relief under 42 U.S.C. § 1983 should be set aside and the case should be remanded for further proceedings."

There is little doubt that the reason given for dismissal of Ballenger's § 1983 claim is the holding of *Heck*. The magistrate judge's report and recommendation, which the district court approved in adopting it, not only cited *Heck*, but quoted the critical language from *Heck*: "When a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 487. After quoting *Heck* and several other opinions applying *Heck*, the magistrate judge concluded, "Until the plaintiff's conviction is set aside, any civil rights action based on the conviction and related matters will be barred because of the holding in *Heck v. Humphrey*." Ballenger contends that this ruling is too conclusory and does not reveal the analysis required by *Heck*. He argues:

> Here, it appears that neither the Magistrate Judge nor the District Court made any inquiry into the threshold question of the impact Mr. Ballenger's claim might have on his conviction. Instead, the Magistrate Judge simply determined that Mr. Ballenger's conviction had not been reversed, invalidated, or called into question by a writ of habeas corpus, and concluded that, as a consequence, his claim was not ripe.

While the district court did not discuss the elements of Ballenger's complaint and demonstrate how a judgment based on that complaint would necessarily imply an invalidity of his conviction, the court clearly had to reach that conclusion by applying *Heck* to dismiss Ballenger's action. Ballenger has not demonstrated why the district court's conclusion, whether laid out in sufficient detail or not, was in error. And from our analysis, we conclude that the district court did not err.

In *Heck*, the petitioner was convicted in a state court for manslaughter and, during the course of his incarceration, filed a *pro se* § 1983 suit against the police and prosecutors, alleging unlawful acts leading to arrest and conviction and seeking monetary damages. *Heck*, 512 U.S. at 478-79. Analyzing the appropriate relationship of a habeas corpus proceeding and a § 1983 action to the underlying conviction, the Supreme Court observed, "We think the hoary principle that civil tort actions are not appropriate vehicles for challenging

the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution." *Id.* at 486. In furtherance of that fundamental policy, the Court stated that in order for a § 1983 plaintiff to recover damages for an unconstitutional conviction or "other harm caused by actions whose unlawfulness would render a conviction . . . invalid," the plaintiff must prove that the conviction

> has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction . . . that has *not* been so invalidated is not cognizable under § 1983.

*Id.* at 486-87. Indeed, the Court denied the very existence of such a cause of action. *Id.* at 489.

To implement its holding, the Supreme Court articulated the test that before a district court can dismiss a § 1983 action based on its relationship to a conviction, "the district court must consider whether a judgment in favor of the plaintiff would *necessarily* imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487 (emphasis added). The logical *necessity* that the judgment in the § 1983 case imply the invalidity of a criminal conviction is at the heart of the *Heck* requirement for dismissal of the § 1983 action.

This case thus turns on whether a judgment in this § 1983 claim in favor of Ballenger would *necessarily* imply invalidity of Ballenger's cocaine trafficking conviction. Ballenger argues conclusorily that a judgment in this case would not *necessarily* impugn his conviction, relying on the hypothetical exception provided by the Supreme Court in *Heck*. To explain the meaning of "necessarily," the Supreme Court stated in footnote 7:

> For example, a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search

produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction. Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a § 1983 action, even if successful, would not *necessarily* imply that the plaintiff's conviction was unlawful.

512 U.S. at 487 n.7 (citations omitted; emphasis in the original). But this hypothesis presented in footnote 7 does not provide a blanket protection for all § 1983 damage suits alleging an unreasonable search. When evidence derived from an illegal search would have to be suppressed in a criminal case if the judgment in the § 1983 claim were to be applied to the criminal case and the suppression would *necessarily* invalidate the criminal conviction, the stated principle of *Heck* would apply, and the § 1983 claim would have to be dismissed; there would be no cause of action under § 1983. *See id.* at 489. It is only when the suppression of the evidence required by logical application of the § 1983 judgment would *not necessarily* invalidate the underlying conviction that the § 1983 case can proceed.

In this case, the suppression of the evidence seized pursuant to the challenged search in this § 1983 case would *necessarily* imply invalidity of the criminal conviction because the doctrines of independent source, inevitable discovery, harmless error, and other similar doctrines would not save the criminal conviction. The cocaine seized was uniquely available from the alleged illegal search, and if it were suppressed as evidence, there would be no evidence to convict Ballenger for drug trafficking.

As Ballenger alleges in his complaint, he was subject to an automobile stop for following too closely. Following the stop, the state trooper smelled marijuana from Ballenger's automobile, giving the trooper probable cause to search the automobile. *See United States v. Sheetz*, 293 F.3d 175, 184 (4th Cir. 2002). Ballenger does not challenge the adequacy of this probable cause; he challenges the traffic stop and asserts that the search that followed was illegal *as the fruit of an illegal stop*. If Ballenger succeeds in demonstrating in this § 1983 case that his traffic stop was illegal, the illegality of the search would require the suppression of the evidence seized. Ballenger has advanced no circumstances, nor conceived of any to our knowledge,

to suggest how the state could convict him of cocaine trafficking if the automobile stop were to have been found illegal. In the particular circumstances of this case, there could be no independent source for the cocaine and no inevitable discovery of it. Moreover, if the evidence obtained by the search were suppressed, there could be no harmless error because there would be no evidence of illegal drug trafficking. It was possession of the cocaine discovered in Ballenger's automobile that constituted the criminal offense, and were that evidence to be suppressed by reason of the illegality of the search, the conviction could not be salvaged.

Because a judgment for Ballenger in this case would necessarily imply invalidity of his conviction, the case at this stage amounts to no more than an unexhausted habeas corpus claim that collaterally attacks his conviction. *See Harvey v. Horan*, 278 F.3d 370, 377-78 (4th Cir. 2002). This is not a cognizable role for § 1983. *See Heck*, 512 U.S. at 489 ("We . . . deny the existence of [such] a cause of action").

For these reasons, we conclude that the district court properly applied *Heck v. Humphrey* to dismiss this § 1983 action in the absence of proof by Ballenger that his conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254," 512 U.S. at 487. Because Ballenger's post-conviction proceedings are still pending, the district court appropriately dismissed Ballenger's § 1983 suit without prejudice.

*AFFIRMED*