**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-2021**

JOHN WILLIAM BISHOP; DONNA J. BISHOP,

Plaintiffs – Appellants,

and

STATE OF NORTH CAROLINA, ex rel.,

Plaintiff,

v.

COUNTY OF MACON, North Carolina; MACON COUNTY SHERIFF'S DEPARTMENT; ROBERT L. HOLLAND, Individually and in his Official Capacity as Sheriff of Macon County; C. J. LAU, Individually and in his Official Capacity as Deputy Sheriff of Macon County; GARY GARNER; W. T. POTTS; OHIO CASUALTY INSURANCE COMPANY,

Defendants – Appellees.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.   Martin K. Reidinger, District Judge. (2:10-cv-00009-MR-DLH)

Submitted:  March 30, 2012             Decided:  June 22, 2012

Before WILKINSON, MOTZ, and FLOYD, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Paul Louis Bidwell, Asheville, North Carolina; Douglas A. Ruley, Leicester, North Carolina, for Appellants. Sean F. Perrin, WOMBLE CARLYLE SANDRIDGE AND RICE, LLP, Charlotte, North Carolina, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John William Bishop and his mother, Donna J. Bishop (collectively, "the Bishops"), filed a complaint alleging violations of 42 U.S.C. § 1983 (2006) and state law arising from a series of searches of Donna's home and the seizure and disposal of various items of personal property. The district court dismissed the Bishops' § 1983 claims as barred by Heck v. Humphrey, 512 U.S. 477 (1994), and the Bishops filed this appeal. We affirm in part, vacate in part, and remand.

This court reviews de novo a district court's grant of a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 179-80 (4th Cir. 2009). When ruling on a Rule 12(b)(6) motion, we accept "as true all well-pleaded allegations and view the complaint in the light most favorable to the plaintiff." Id. at 180. "[W]e may properly take judicial notice of matters of public record. . . . We may also consider documents attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." Id. (internal citation omitted).

In Heck, the Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence."

3

Heck, 512 U.S. at 487. If the district court answers the question in the affirmative, then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. "This mandate is referred to as the 'favorable termination' requirement." Wilson v. Johnson, 535 F.3d 262 (4th Cir. 2008)

The Bishops first argue that, because neither Donna nor John was ever in custody, a habeas action was not available to them, and, pursuant to Heck is inapplicable as a bar to their claims. In Wilson, we considered whether a former prisoner's § 1983 claim was cognizable where he had failed to satisfy Heck's favorable termination requirement. Id. at 263-64. Cognizant of a circuit split on the issue, we stated that:

> If a prisoner could not, as a practical matter, seek habeas relief, and after release, was prevented from filing a § 1983 claim, § 1983's purpose of providing litigants with a uniquely federal remedy against incursions under the claimed authority of state law upon rights secured by the Constitution and laws of the Nations would be severely imperiled.

Id. at 268 (internal citations and quotation marks omitted). Accordingly, we did "not believe that a habeas ineligible former prisoner seeking redress for denial of his most precious right — freedom — should be left without access to a federal court." Id.

Appellees contend that Wilson is factually distinguishable from the case at bar because John was on

4

probation for three years and was therefore in custody for state and federal purposes.

Because John was on probation, he satisfied the custody requirement for habeas relief. See Jones v. Cunningham, 371 U.S. 237, 240-43 (1963). John argues, however, that whether his term of probation satisfied the custody requirement is irrelevant because he has completed probation and is no longer eligible to pursue habeas relief. We disagree. Wilson indicated that Heck does not bar a § 1983 suit where "a prisoner could not, as a practical matter, seek habeas relief." See Wilson, 535 F.3d at 268. Unlike the plaintiff in Wilson, who had a window of only four months to meet the favorable termination requirement (which he pursued until his release), John pleaded guilty and was sentenced to thirty-six months' probation. He did not pursue habeas relief during that thirty-six-month period. He has made no claim that habeas relief was unavailable during that time, practically or otherwise. Wilson does not permit a plaintiff to end-run Heck by simply sitting on his rights until all avenues for challenging a conviction have closed.

John asserts that, even if Heck applies, success on his claim for deprivation of property would not necessarily imply the invalidity of his convictions. He argues that he was convicted of an attempted offense and, accordingly, he could be

convicted of attempted breaking and entering without actually stealing anything or possessing any stolen property. Although John is correct that his attempt conviction does not require that he actually possessed the property in issue, on the facts of this case, the convictions cannot stand without evidence that John was in possession of the stolen items. This is so because his possession was the only evidence that John committed any offense. See Ballenger v. Owens, 352 F.3d 842, 846-47 (4th Cir. 2003) (where evidence of offense was uniquely available from search and seizure, § 1983 claim alleging the search was illegal was barred by Heck). We therefore affirm the district court's holding that Heck barred John's claims.

Turning to Donna's claims, Appellees offer no argument as to Wilson's applicability. The record reflects that she was never in custody and therefore was unable to obtain a favorable termination of the charges through a habeas petition.* See Wilson, 535 F.3d at 268. Because Heck does not bar Donna's § 1983 claim, we are constrained to vacate this portion of the district court's order and remand this case to the district court for further proceedings.

---

\* We have considered the supplemental authority filed by Appellees pursuant to Fed. R. App. P. 28(j), and conclude that it is not controlling.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decision process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>