**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-1599**

STANLEY M. BALLENGER, a/k/a Stanley Mark Ballenger, former
#151010,

                Plaintiff - Appellant,

      v.

J. DALE OWENS, L, CPL, State Trooper, SC Hwy Patrol Ace
Team; J. G. STEVENS, L, CPL, State Trooper; C. NICHOLAS
LAVERY, Esquire; JACK H. LYNN, Esquire,

                Defendants - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Anderson.   J. Michelle Childs, District
Judge.  (8:10-cv-02294-JMC)

Argued:  January 29, 2013         Decided:  March 5, 2013

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

David L. Neal, Hillsborough, North Carolina, for Appellant.
Andrew Lindemann, DAVIDSON & LINDEMANN, PA, Columbia, South
Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stanley M. Ballenger ("Appellant") initiated this action pro se against his former defense attorney, a South Carolina state prosecutor, and two South Carolina state troopers under 42 U.S.C. § 1983, alleging, among other things, that an unconstitutional search and seizure of his vehicle led to the discovery of illegal drugs and a firearm on the basis of which Appellant was charged in state court, pleaded guilty, and was ultimately sentenced to imprisonment. The district court dismissed Appellant's suit for failure to satisfy the "favorable termination" rule announced in Heck v. Humphrey, 512 U.S. 477 (1994).

Appellant now contends the favorable termination requirement does not bar his § 1983 suit because he pleaded guilty to the underlying charges, citing Haring v. Prosise, 462 U.S. 306 (1983), and that, as such, a civil attack on the alleged constitutional violations does not impugn his conviction. Appellant raises this issue for the first time on appeal. Because it was not raised in the district court, we conclude Appellant waived appellate review. Because Appellant waived this central argument, and we find any other arguments he may have raised to be without merit, we affirm.

I.

This court is not unfamiliar with Mr. Ballenger. He previously filed a § 1983 suit in 2002 against the State of South Carolina and South Carolina State Trooper J. Dale Owens based on the same operative facts contained in his present action. See Ballenger v. Owens, 352 F.3d 842, 843-44 (4th Cir. 2003) ("Ballenger I").

In brief, Appellant was stopped by Trooper Owens for following too closely behind another vehicle while driving in South Carolina. After detecting the odor of marijuana, Trooper Owens searched Appellant's vehicle and discovered illegal drugs and a firearm. Appellant pleaded guilty to a drug trafficking offense and a firearm offense and was sentenced on November 26, 2011 to a 10-year term of imprisonment.[1]

While he made no direct appeal, Appellant subsequently sought post-conviction relief in state and federal court and was denied. See Ballenger v. McMaster, 146 F. App'x 697 (4th Cir. 2005); Ballenger v. Mauney, 326 F. App'x 224 (4th Cir. 2009).

---

[1] Appellant contends that, on the advice of counsel, he pled guilty before the state court considered his motion to suppress the fruits of the allegedly unconstitutional search. Appellant further notes that South Carolina does not permit the entry of conditional guilty pleas. See State v. Inman, 395 S.C. 539, 555, 720 S.E.2d 31, 40 (2011).

3

In *Ballenger I*, the district court dismissed Appellant's § 1983 complaint without prejudice, concluding that 1) his action against the State of South Carolina and Trooper Owens in his official capacity was barred by the Eleventh Amendment; and 2) his action against Trooper Owens in his individual capacity was barred by *Heck* because his criminal conviction had not been set aside and a favorable judgment in his § 1983 suit would necessarily imply the invalidity of that conviction.[2] We affirmed. *See Ballenger I*, 352 F.3d 842.

Nearly seven years later, Appellant commenced the present action pro se on September 1, 2010 -- a § 1983 suit largely duplicative of the complaint dismissed in *Ballenger I*. Appellant alleges that Trooper Owens, among others, violated his Fourth Amendment rights by stopping and searching his vehicle.

Following an automatic referral from the district court pursuant to the local rules, the magistrate judge issued a Report and Recommendation ("R&R") on September 8, 2010, recommending that the district court dismiss the action. In the R&R, the magistrate judge concluded that Appellant's claims

---

[2] The Supreme Court held in *Heck* that "where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004).

4

against Trooper Owens and an additional trooper were barred by Heck.[3] Appellant lodged objections to the R&R, which the district court found to be largely "non-specific, unrelated to the dispositive portions of the Magistrate Judge's Report and Recommendation," or to "merely restate his claims." J.A. 130.[4] On February 3, 2011, the district court adopted the R&R and dismissed Appellant's complaint with prejudice. Appellant then noticed this appeal.

## II.

We review de novo the dismissal of Appellant's complaint. See Minor v. Bostwick Laboratories, Inc., 669 F.3d 428, 432 (4th Cir. 2012).

## III.

Appellant contends that the Heck favorable termination rule does not bar his § 1983 action because, in his view, a conviction by way of a guilty plea cannot be undermined by a

---

[3] The magistrate judge also concluded that Appellant's claim against the state prosecutor was barred by the doctrine of prosecutorial immunity and that his claim against his former defense attorney was not cognizable in a § 1983 suit because the attorney was not a state actor. Appellant does not challenge on appeal the dismissal of his claims against these parties.

[4] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

subsequent determination that the evidence supporting the criminal conviction was obtained in violation of the Constitution. 512 U.S. 477. He cites for support the pre-Heck decision Haring v. Prosise, 462 U.S. 306. He argues that Haring, which he believes stands for the proposition that a claim for damages based on an unconstitutional search and seizure does not imply the invalidity of a conviction obtained by guilty plea, id. at 318-22, is reconcilable with the commands of Heck. Appellee responds that because Appellant did not raise the issue in his objections to the R&R in the district court, the issue is waived. We agree.

The law of our circuit is clear: "[A] party . . . waives a right to appellate review of particular issues by failing to file timely objections specifically directed to those issues." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007). Therefore, "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Id. at 622.

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed

6

findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id.

In this case, Appellant's objections to the R&R failed to raise the argument that the favorable termination rule does not apply to a plaintiff whose underlying conviction was obtained by a guilty plea. Instead, Appellant asserted in his objections to the R&R, and argues at least in passing on appeal, that he was unable to satisfy the favorable termination rule because, having completed his sentence, he is no longer in custody, citing Wilson v. Johnson, 535 F.3d 262 (4th Cir. 2008).[5] Nothing in his objections suggests Appellant alerted the district court to the challenging question of law under Haring

---

[5] Wilson indicated that Heck does not bar a § 1983 action where "a prisoner could not, as a practical matter, seek habeas relief." Wilson, 535 F.3d at 268. Unlike the plaintiff in Wilson, who had a window of only four months to meet the favorable termination requirement, which he pursued until his release, Appellant here pleaded guilty and was sentenced to 10 years imprisonment. Not only was this sufficient time to pursue post-conviction relief, Appellant actually did so and was unsuccessful. See Ballenger I, 352 F.3d at 847 (observing that Ballenger's post-conviction proceedings were pending); Ballenger v. McMaster, 146 F. App'x 697 (4th Cir. 2005); Ballenger v. Mauney, 326 F. App'x 224 (4th Cir. 2009). In short, the concern that drove our court in Wilson to find an exception to Heck -- that a habeas-ineligible former prisoner lacked access to a federal forum -- is simply not present here.

7

he now presents for the first time on appeal.  Indeed, the principal decision on which Appellant now relies, <u>Haring v. Prosise</u>, 462 U.S. 306, first appeared in his opening brief before this court.  <u>See</u> Appellant's Br. at 1.  Accordingly, we conclude that Appellant waived appellate review.

IV.

For the foregoing reasons, the decision of the district court is

<u>AFFIRMED</u>.