**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-7798**

KEVIN JACKSON,

                    Plaintiff - Appellant,

          v.

BALTIMORE CITY POLICE DEPT.; LAMAIRE BYFIELD, Detective;
GARY GALING; NICOLE HUNTER, Detective,

                    Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Richard D. Bennett, District Judge.
(1:13-cv-02933-RDB)

Submitted:  March 28, 2014              Decided:  April 1, 2014

Before KING, SHEDD, and THACKER, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished
per curiam opinion.

Kevin Jackson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kevin Jackson appeals the district court's order denying relief on his 42 U.S.C. § 1983 (2006) complaint. He argues that the district court improperly dismissed his complaint on the basis that his claims would necessarily imply the invalidity of an anticipated future conviction, relying on Heck v. Humphrey, 512 U.S. 477 (1994). We review de novo this dismissal for failure to state a claim, assuming that all well-pleaded nonconclusory factual allegations in the complaint are true and drawing all reasonable factual inferences in Jackson's favor. Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011). After thoroughly reviewing the record, we affirm in part, vacate in part, and remand the case for further proceedings.

We agree with Jackson that the favorable termination rule announced in Heck did not bar his action while criminal proceedings in the state court remained pending. Wallace v. Kato, 549 U.S. 384, 393 (2007) (noting that Heck does not bar a § 1983 action where it "would impugn an anticipated future conviction" (emphasis omitted)). Jackson, however, has now been convicted of assault, one of the state court charges underlying his claim.

As the district court noted, Heck bars a § 1983 action if it is clear that success would necessarily imply the

2

invalidity of the plaintiff's conviction. This determination requires a close factual examination of the record related to the underlying conviction. See Heck, 512 U.S. at 487 n.7 (noting that an unreasonable search claim may be permitted to proceed, even if the evidence was introduced at trial); Ballenger v. Owens, 352 F.3d 842, 846-47 (4th Cir. 2003) (conducting thorough factual inquiry into evidence against plaintiff to conclude that success on unreasonable search claim would necessarily imply invalidity of his underlying conviction). The record is unclear as to whether Jackson's illegal search and seizure claim is barred by Heck's favorable termination rule.[1] Because this determination should be made in the first instance by the district court, we vacate and remand the district court's dismissal of this claim.[2]

We conclude, however, that Jackson's suppression of evidence allegation is now subject to dismissal under Heck, and we decline to remand it. Moreover, it is clear from Jackson's

---

[1] Jackson has abandoned his claim that police violated his rights under Miranda v. Arizona, 384 U.S. 436 (1966), by failing to brief it in this Court. 4th Cir. R. 34(b) (limiting review to issues raised in brief); see Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (holding that failure to raise issue in opening brief constitutes abandonment of that issue).

[2] By this disposition, we indicate no view as to the appropriate resolution of this inquiry.

own allegations and exhibits that police had probable cause to arrest him on the original charges. We therefore affirm as modified the district court's dismissal of these claims. See MM ex rel. DM v. School Dist. of Greenville Cnty., 303 F.3d 523, 536 (4th Cir. 2002) ("[W]e are entitled to affirm the court's judgment on alternate grounds, if such grounds are apparent from the record.").

We therefore affirm in part, vacate in part, and remand for further proceedings consistent with this opinion. We deny Jackson's motion to appoint counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before this court and argument will not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED